IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DB, minor child, by and through his next friend, Tami Bennett, ) ) ) ) Plaintiff, ) ) vs. ) ) JEFFERSON COUNTY SHERIFF'S ) DEPARTMENT ) Serve: Oliver Glenn Boyer ) Sheriff ) 510 1st St ) Hillsboro, MO 63050 ) ) SHERIFF OLIVER GLENN BOYER ) Serve: Oliver Glenn Boyer ) Sheriff ) 510 1st St ) Hillsboro, MO 63050 ) ) and ) ) DEPUTY JUSTIN COSMA, Individual ) Serve: Place of Employment ) Jefferson County Sheriff's ) Department ) 510 1st St ) Hillsboro, MO 63050 ) ) and ) ) DEPUTY RICHARD CARTER, Individual ) Serve: Place of Employment ) Jefferson County Sheriff's ) Department ) 510 1st St ) Hillsboro, MO 63050 ) ) Defendants. ) | Case No. Pending JURY TRIAL DEMANDED |

COMPLAINT

COMES NOW Plaintiff, DB, by and through his Next Friend Tami Bennett and by and through counsel, Richard Lozano, and for his causes of action states that:

FACTS

1. On June 25, 2010, 12 year old minor child DB was checking his mail at the end of his driveway when he was approached by Jefferson County deputies Justin Cosma and Richard Carter.

2. The deputies asked DB if he had been playing on the highway adjacent to his driveway, to which DB replied "no".

3. The deputies became confrontational, frightening and intimidated minor child DB.

4. Unprovoked and without cause, the deputies grabbed DB, choked him around the neck and threw him to the ground.

5. DB was shirtless and suffered bruising, choke marks, scrapes and cuts across his body.

6. Said deputies "hog tied" DB.

7. At no time was a parent or other adult present during the initial questioning or arrest.

8. DB was transported to a medical facility for medical treatment.

9. The deputies reported the incident as "assault of a law enforcement officer third degree" and "resisting/interfering with arrest, detention or stop", but Jefferson County refused to issue a juvenile case against DB.

10. DB presented no danger to the deputies or himself.

11. DB was at the time a young, small child who was simply checking the mail on his

property as instructed by his mother, was not engaged in suspicious activity and was assaulted by the deputies without provocation.

12. The show of force initiated by the deputies caused an unreasonable injury to DB.

13. On or about June 25, 2010, the Jefferson County deputies Justin Cosma and Richard Carter were on duty at all times relevant to this complaint and were duly appointed sheriff deputies of Jefferson County.

14. The Jefferson County deputies Justin Cosma and Richard Carter engaged in the conduct complained of, on said date, in the course and scope of their employment and while on duty.

## JURISDICTION AND VENUE

15. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 USC 1983; the Judicial Code, 28 USC 1331 and 1343 (a); The Constitution of the United States; and this Court's supplementary jurisdiction powers.

16. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331. Plaintiff's claims for relief are cognizable under 42 U.S.C. §§1983 and 1988, and under Missouri state law. Plaintiff invokes the supplemental jurisdiction of the Court to hear and decide their claims arising under Missouri state law.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

## PARTIES

18. Plaintiff is a resident of the State of Missouri and of the United States.

19. Oliver Glenn Boyer is the sheriff of Jefferson County and is sued in his official

capacity.

20. The Defendant Sheriff Deputies were at all times relevant hereto employed by and acting on behalf of the Jefferson County Sheriff's Department and are sued in their official and individual capacities.

21. Defendant Jefferson County Sheriff's Department, Jefferson County, Missouri is in the Eastern District of Missouri. The Department acted by and through its policymakers, agents, and employees and acted under color of law in all respects set forth herein.

22. Defendant Justin Cosma is a sheriff deputy employed by Jefferson County who acted under color of law. Defendant Justin Cosma is sued in his individual and official capacity.

23. Defendant Richard Carter is a sheriff deputy employed by Jefferson County who acted under color of law. Defendant Richard Carter is sued in his individual and official capacity.

CAUSES OF ACTION

COUNT I

EXCESSIVE USE OF FORCE AGAINST DB BY DEFENDANTS COSMA AND CARTER IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; 42 U.S.C. §1983

24. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 23 as though fully set forth herein.

25. The physical force used by Deputy Justin Cosma against Plaintiff was unreasonable and excessive.

26. The acts of Defendants Justin Cosma and Richard Carter of detaining, choking, shoving down and causing choke marks, bruising, scraps and cuts across the body of DB were committed without just cause or provocation.

27. DB was a young child and unable to protect himself.

28. Defendants caused the violations of Plaintiff's constitutional rights by their acts, direct and indirect, and by their omissions. Defendants are jointly and severally liable for Plaintiff's damages.

29. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered injury and damages.

30. The acts, conduct, omissions, and failures to act by Defendants showed reckless and/or callous disregard to Plaintiff's constitutional rights. Their conduct warrants an award of punitive damages to punish them and to deter them and others from acting in a like manner in the future.

31. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages, for punitive damages and for attorney's fees and the costs of litigation, and for other relief as is appropriate under the law.

COUNT II

PLAINTIFF'S CAUSE OF ACTION AGAINST THE JEFFERSON COUNTY SHERIFF DEPARTMENT AND BOYER IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. §1983

32. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 31 as though fully set forth herein.

33. Failure to Train – Holding Cell Tactics. Further, the Jefferson County Sheriff's Department, Jefferson County, Missouri has failed to effectively train, supervise, discipline, and control the people it employs as police officers regarding appropriate questioning and detention of minor children.

34. Unconstitutional Custom and Practice – Use of Force. Further, it was the policy and custom of the Jefferson County Sheriff's Department to inadequately and improperly investigate citizen complaints of inappropriate and excessive police use of force against citizens, and acts of excessive use of force were tolerated by Jefferson County.

35. Failure to Train – Use of Force. Further, the Jefferson County Sheriff's Department, Jefferson County, Missouri has failed to effectively train, supervise, discipline, and control the people it employs as police officers regarding the appropriate use of force against citizens.

36. Failure to Train – Citizen Detention. Further, the Jefferson County Sheriff's Department, Jefferson County, Missouri has failed to effectively train, supervise, discipline, and control the people it employs as police officers regarding the appropriate detention, holding, or confinement of citizens.

37. Failure to Discipline – Defendants Cosma and Carter were not disciplined for their use of excessive force against DB.

38. Therefore, the Jefferson County Sheriff's Department and Sheriff Oliver Glenn Boyer's policies and customs and failures to effectively train supervise, discipline,

and control the people it employs as police officers led to the deprivation of DB's constitutional rights.

39. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendant Jefferson County, Missouri and Sheriff Oliver Glenn Boyer for compensatory damages and for attorney's fees and the costs of litigation, and for other relief as is appropriate under the law.

## COUNT III

## ASSAULT AND BATTERY OF DB

## BY DEFENDANTS JUSTIN COSMA AND RICHARD CARTER UNDER STATE LAW

40. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 39 as though fully set forth herein.

41. The act of Defendants Cosma and Carter as afore described, was committed without just cause or provocation, and with the intent to cause DB offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constitute an intentional assault and battery against DB.

42. As a direct and proximate result of the acts of Defendants Cosma and Carter, as afore described, DB suffered damages.

43. The acts, conduct, omissions, and failures to act by Defendants showed reckless and/or callous disregard to DB. His conduct warrants an award of punitive damages to punish him and to deter him and others from acting in a like manner in the future.

WHEREFORE, Plaintiff prays judgment against Defendant Justin Cosma and Richard Carter jointly and severally for compensatory damages, for punitive damages and the costs of litigation, and for other relief as is appropriate under the law.

Respectfully submitted,

By: */s/ Richard R. Lozano*
#44492MO
231 S. Bemiston, Ste. 800
Clayton, Missouri  63040
(314) 650-5217
(866) 401-7772 fax
rlozano@lozanolaw.com