UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DB, Minor Child,<br>By and Through His Next Friend,<br>Tami Bennett,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 4:12-CV-1710 NAB |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Jefferson County Sheriff's Department, Sheriff Oliver "Glenn" Boyer, former Deputy Justin Cosma, and Deputy Richard Carter's Motion for Partial Dismissal of Plaintiff's Complaint. [Doc. 7.] Plaintiff did not respond to the motion and the time to do so has passed. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

### I. Background

Plaintiff filed this action alleging excessive use of force, failure to train and discipline, and unconstitutional custom and practice in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and assault and battery under state law. Plaintiff alleges that, on June 25, 2010, Deputies Cosma and Carter approached 12 year-old DB as he was checking the mail at the end of his driveway. Plaintiff also alleges that the deputies questioned him, became confrontational, and—unprovoked and without cause—choked DB, threw him to the ground, and "hog tied" him. Plaintiff claims that the incident constituted excessive force and assault and battery and was

caused by the failure of Sheriff Boyer and his Department to train, supervise, and discipline officers and their custom of inaction with regard to excessive force. Defendants filed an Answer and a Motion for Partial Dismissal of Plaintiff's Complaint. [Docs. 6, 7.] Defendants contend that (1) the Sheriff's Department is not a suable entity; (2) Plaintiff's claims against Sheriff Boyer, former Deputy Cosma, and Deputy Carter in their official capacities contain insufficient factual allegations; and (3) Plaintiff's claims against Sheriff Boyer in his individual capacity likewise contains insufficient factual allegations. The Court will address each argument in turn.

## II. Standard

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."

*Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011). "[I]f the court considers matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56." *Id.* at 799-800. The court may, however, consider materials that are part of the public record. *Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

**III. Discussion**

    **A. Claims against Jefferson County Sheriff's Department**

In Count II, Plaintiff sets forth claims against the Jefferson County Sheriff's Department for failure to properly train, supervise, and discipline officers and a custom of inaction with regard to excessive force. Defendants contend that Jefferson County Sheriff's Department should be dismissed because it is not a suable entity. The Court agrees. In *Catlett v. Jefferson County*, the court was faced with an identical argument on a motion to dismiss the very same Jefferson County Sheriff's Department. 299 F. Supp. 2d 967 (E.D. Mo. 2004). The court found "no statutory authorization for the Sheriff's Department … to sue or be sued." *Id.* at 969; *see also Bell v. Perry Cnty. Sheriff's Dept.*, No. 1:06CV00155 RWS, 2007 WL 2137800 (E.D. Mo. July 23, 2007) (sheriff's department not a suable entity); *Rose v. Wooten*, No. 06-4141-CV-C-WAK, 2006 WL 3511507 (W.D. Mo. Dec. 5, 2006) (same). Any claims against the Sheriff's Department are properly asserted as claims against Jefferson County. *Id*. The Court finds that Plaintiff fails to state a claim upon with relief can be granted against the Jefferson County Sheriff's Department.

### B. Official capacity claims against Defendants Boyer, Cosma, and Carter

Plaintiff sues Defendants Sheriff Oliver "Glenn" Boyer, former Deputy Justin Cosma, and Deputy Richard Carter in their official capacities. Defendants contend that this is tantamount to suing Jefferson County and that Plaintiff does not allege sufficient facts to support such a claim. The Court agrees. A suit against Defendants Boyer, Cosma, and Carter in their official capacities is actually a suit against Jefferson County. *See Parrish v. Ball*, 594 F.3d 993 (8th Cir. 2010). As a result, the issue becomes whether Plaintiff has alleged sufficient facts to state a claim against Jefferson County.

Plaintiff's Complaint contains two potential claims against Jefferson County: failure to adequately train officers and a custom of inadequate investigation of complaints. It is well-established that for municipalities, *respondeat superior* or vicarious liability will not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989). A municipality cannot be sued for injuries inflicted solely by its employees unless a government "policy or custom" caused the injuries. *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978). To prove that Jefferson County's failure to adequately train officers or investigate complaints rose to the level of a "policy or custom," Plaintiff must show that the County was deliberately indifferent to the rights of others. *See Andrews v. Fowler*, 98 F.3d 1069, 1075-76 (8th Cir. 1996). Plaintiff must show that the County had notice of a pattern of excessive force, or that its training procedures would likely result in excessive force, and deliberately did nothing. *See id.* "Notice is the touchstone of deliberate indifference in the context of § 1983 municipal liability." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013).

The only allegations in Plaintiff's Complaint that indicate deliberate indifference state: "it was the policy and custom of the Jefferson County Sheriff's Department to inadequately and improperly investigate citizen complaints of inappropriate and excessive police use of force against citizens, and acts of excessive force were tolerated by Jefferson County." [Doc. 1 p. 6.] These allegations are conclusory and thus not entitled to the assumption of truth. Plaintiff does not cite with any specificity other instances of excessive force or facts that might demonstrate the County had notice of a pattern of unconstitutional conduct. The Court finds that Plaintiff fails to state a claim upon which relief may be granted against Defendants Boyer, Cosma, and Carter in their official capacities.

### C. Claims against Sheriff Boyer in His Individual Capacity

In Count II, Plaintiff sets forth claims against Sheriff Oliver "Glenn" Boyer for failure to properly train, supervise, and discipline officers and a custom of inaction with regard to excessive force. While it appears Plaintiff sues Sheriff Boyer exclusively in his official capacity, Defendants also move to dismiss any claim against Sheriff Boyer in his individual capacity. Defendants contend that Plaintiff does not allege any facts to support a causal link between Sheriff Boyer and the June 25, 2010 incident, as required by § 1983. Assuming, *arguendo*, that Plaintiff sues Sheriff Boyer in his individual capacity as well, the Court agrees with Defendants.

"A government official can only be liable in his individual capacity if 'a causal link to, and direct responsibility for, the deprivation of rights' is shown." *Burlison v. Springfield Pub. Sch.*, 708 F.3d 1034, 1041 (8th Cir. 2013) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). "A supervising officer 'can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.'" *Id.* (citing *Parrish*, 594 F.3d at 1001).

5

Since Plaintiff does not allege that Sheriff Boyer participated in the June 25, 2010 incident, Plaintiff's only claim against Sheriff Boyer is for failure to train.

To prevail on this claim, Plaintiff must show that Sheriff Boyer was "deliberately indifferent to or tacitly authorized" the use of excessive force by his officers. *See Andrews*, 98 F.3d at 1078. The analysis here is similar to that above. Plaintiff's Complaint contains no more than conclusory allegations with respect to Sheriff Boyer. It does not contain any facts to show Sheriff Boyer had notice of constitutional violations by former Deputy Cosma, Deputy Carter, or other officers, or that he had notice his training procedures were so inadequate as to result in such violations. The Court finds that Plaintiff fails to state a claim upon which relief may be granted against Defendant Boyer.

IV. Conclusion

Based on the foregoing, the Court grants Defendants' Motion for Partial Dismissal of Plaintiff's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint is **GRANTED**. [Doc. 7.]

**IT IS FURTHER ORDERED** that the claims against Jefferson County Sheriff's Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that the claims against Sheriff Oliver "Glenn" Boyer are **DISMISSED**.

**IT IS FURTHER ORDERED** that the claims against former Deputy Justin Cosma and Deputy Richard Carter in their official capacities are **DISMISSED**.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of November, 2013.